UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDIE MUNGIA § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. 3:08-cv-0871-N |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on May 21, 2008. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On October 8, 2004, plaintiff Freddie Mungia filed an application for disability insurance benefits and Supplemental Security Income ("SSI"), claiming disability due to insulin dependent diabetes and diabetic peripheral neuropathy. (Administrative Record (hereinafter "Tr.") at 14, 100). He alleged a disability onset date of April 1, 2004. (Tr. at 100).

His claim was denied by the state agency initially and on reconsideration, after which he requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing on June 10, 2006 (Tr. 372-76), where Mungia failed to appear but his counsel was present. The ALJ dismissed Plaintiff's request for hearing, finding he failed to establish good cause for his failure to appear. (Tr. at 268). Mungia requested review of the decision, and the Appeals Council found the ALJ improperly dismissed his request for hearing since Plaintiff's counsel was

present at the hearing. (Tr. at 270). The Appeals Council remanded the case to the ALJ and ordered the ALJ to properly determine whether Plaintiff had constructively waived the right to appear at a hearing or whether he had good cause for his failure to appear. (Tr. at 270). A second hearing was held on October 12, 2007, at which Plaintiff appeared with counsel. Mungia testified that he failed to appear at the first hearing because he was attempting to work, which he did for about five months, until being "let go" for excessive tardiness and absence caused by pain in his feet and legs. (Tr. at 378-79). The ALJ found that Plaintiff had good reason for failing to appear at the first hearing, and he conducted the hearing. (Tr. at 375-404). Mungia testified on his own behalf. The ALJ also received testimony from Dr. Charles Murphy, M.D., a medical expert ("ME"), and Evelyn Hartman, a vocational expert ("VE"). (Tr. at 394-404).

On December 15, 2007, the ALJ denied Plaintiff's request for benefits, finding that his medically determinable impairments did not prevent him from performing other work existing in significant numbers in the national economy, such as that of a final assembler, document preparer, or semi-conductor loader. (Tr. 18-19). Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on March 21, 2008, the Appeals Council denied his request. (Tr. 5-7). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed his federal complaint on May 21, 2008. Defendant filed an answer on August 1, 2008. On October 6, 2008, Plaintiff filed his brief, followed by Defendant's brief on December 4, 2008.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's

2

decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

<u>Discussion</u>: To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.

3

Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, the ALJ proceeded to step five. The ALJ found that Mungia has severe impairments including insulin dependent diabetes and diabetic peripheral neuropathy, (Tr. at 14), and that these impairments would prevent him from returning to his past work as a municipal maintenance worker, kitchen helper, electrician helper, or janitor. (Tr. at 17). He found, based on the testimony of the VE, that there were jobs which existed in significant numbers in the national economy that Mungia could perform, considering his age, education, work experience, and residual functional capacity (RFC). The jobs listed by the VE were final assembler with 62,000 jobs nationally and 3,400 in Texas, document preparer with 66,000 jobs nationally and 4,500 jobs in Texas, and semi-conductor loader with 61,900 jobs nationally and 3,500 in Texas. (Tr. 18, 399-403). In arriving at her opinion with respect to suggested occupations which Mungia could perform, the VE considered the ALJ's hypothetical question, taking into account Plaintiff's limitations caused by diabetes and peripheral neuropathy. (Tr. 400-402).[1] Based upon the VE's testimony, the ALJ found that he was not under a disability and denied his claim for benefits. (Tr. 17-18).

Mungia alleges the ALJ improperly evaluated his credibility, improperly determined his

---

[1] In his brief Mungia notes that the VE testified that given limitations included in a hypothetical question posed by his counsel, a person so limited would be unemployable. (Tr. at 403). However, as noted in his decision, the ALJ did not find Plaintiff to be so limited.

4

RFC, and erred in finding that a significant number of jobs existed in the national economy that he could perform. For the reasons discussed below, the court finds the ALJ's decision is supported by substantial evidence in the record and the proper legal standards were applied in evaluating the evidence.

Plaintiff claims the ALJ improperly evaluated his credibility by failing to consider his inability to afford treatment and in undervaluing the degree to which the objective medical evidence supported his complaints of severe pain and limitations. "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir., 2001) (citations omitted). In determining whether substantial evidence of disability exists, proof of objective medical facts, diagnoses and opinions of treating and examining physicians, the Plaintiff's subjective evidence of pain and disability, and his age, education, and work history are factors to be weighed. *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir., 2005) (citing *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991)).

The ALJ noted Mungia was 25 years old at the alleged onset date of his disability, has a limited education, with a work history as a municipal maintenance worker, kitchen helper, electrician helper, and janitor. (Tr. at 17). He considered Plaintiff's subjective testimony that he could no longer be on his feet, that he lies down most of the day and does not do household chores, that he reports that he can walk less than one block before having pain in his feet, that he can stand about 15 minutes and sit 15-20 minutes, and can lift no more than five pounds. (Tr. at 16). He also considered the medical evidence in the record and the testimony of Dr. Charles Murphy, a medical expert.

One of Plaintiff's treating physicians, Dr. Peter Gray, performed two separate examinations on the Plaintiff in April 2004 and January 2005, during which Plaintiff had normal gait, station, range of motion, and strength. (Tr. 16, 163-164, 180-182). He had no evidence of cyanosis, clubbing, or edema (Tr. 16, 181). Dr. Murphy testified that Mungia has poorly controlled diabetes and peripheral neuropathy, that the neuropathy is the only severe impairment and affects the feet, and that it would limit Mungia to sedentary work. (Tr. at 396). Plaintiff's counsel did not question the medical expert. *Id.*

The ALJ found "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible." (Tr. at 17). The determination whether a claimant is able to work despite some pain "is within the province of the administrative agency and should be upheld if supported by substantial evidence." *Chambliss*, *supra*, 269 F.3d at 522. Moreover, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). In the Fifth Circuit, an ALJ must give reasons for rejecting a claimant's subjective testimony only where the evidence clearly favors the claimant. *Id.* The ALJ properly considered the medical evidence, Plaintiff's subjective testimony, the testimony of a medical expert and vocational expert, and the Plaintiff's age, education, and work history in reaching his determination. His credibility determination is supported by substantial evidence.

Mungia next alleges the ALJ improperly determined his RFC by failing to give controlling weight to the opinion of Dr. Rikin S. Patel, his treating physician, that his impairments include an inability to use his hands for certain activities. The ALJ accepted Dr.

6

Murphy's opinion with respect to Plaintiff's residual functional capacity and rejected the opinion of the State agency consultants who opined that Mungia's impairments were less limiting. (Tr. at 17). The Medical Source Statement prepared by Dr. Patel on September 28, 2007, at Plaintiff's counsel's request (Tr. 296-299) does not contradict the limitations found to be present by the ALJ, based upon Dr. Murphy's testimony. Dr. Patel's assessment that he could walk and stand for at least two hours in an eight hour workday is consistent with the VE's opinion that he is capable of performing sedentary work. As with Patel's observation that pushing and/or pulling with his lower extremities was somewhat limited due to the onset of subjective pain, Dr. Murphy limited Plaintiff's work capabilities to sedentary work with occasional use of foot controls. (Tr. at 16). Any ambiguity as to Dr. Patel's opinion with respect to the presence of disabling physical impairments is dispelled by the doctor's progress notes. See entry dated April 6, 2007 at paragraph 7 (Tr. 347) and entry dated June 8, 2007 at paragraph 5 (Tr. 334) (both of which observe that Mungia is able to engage in substantial gainful activity). The ALJ specifically noted that Dr. Patel had found that he could do sedentary work.

Plaintiff also alleges the ALJ erred in finding that a significant number of jobs existed in the national economy which Plaintiff could perform. The ALJ found "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible." (Tr. at 17). After reviewing all of the evidence, the ALJ noted that if Mungia had the RFC to perform the full range of sedentary work, Medical-Vocational Rule 201.25 would direct a finding of "not disabled." (Tr. at 18). However, because "his ability to perform all or substantially all of the requirements of this level of work has been

impeded by additional limitations", he called upon the vocational expert to testify as to whether jobs existed in the national economy for an individual with "the claimant's age, education, work experience, and residual functional capacity." *Id*.

The vocational expert testified that jobs existed, both in the national economy and in Texas, that such an individual would be capable of performing. (Tr. 17-18, 401-402). The ALJ properly exercised his responsibility as fact finder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were supported by the record. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco*, 27 F.3d at 164. Therefore, the ALJ's RFC determination is supported by substantial evidence.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 22nd day of April, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the

district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.